# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LASHONDA JACKSON-HOLMES,

    *Plaintiff,*

vs.

    Case No. 12-2047-EFM

U.S. POSTMASTER GENERAL,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Lashonda Jackson-Holmes brought this pro se employment discrimination lawsuit against Defendant United States Postmaster General. Jackson-Holmes claims that she was subjected to a hostile work environment and retaliation due to sexual harassment from a co-worker at the United States Postal Service Network Distribution Center in Kansas City, Kansas. The Postmaster General now moves to dismiss Jackson-Holmes's claim of retaliation for failure to state a claim upon which relief can be granted, and also moved for summary judgment in its favor on Jackson-Holmes's hostile-work-environment claim. Because Jackson-Holmes failed to allege sufficient facts to state a plausible claim of retaliation and failed to establish a genuine issue of fact regarding a hostile work environment, the Court grants both of Defendant's motions.

## I.   Factual and Procedural Background[1]

At the time of the incidents in issue in this lawsuit, Plaintiff Lashonda Jackson-Holmes was employed by Defendant United States Postmaster General at the U.S. Postal Service Network Distribution Center in Kansas City.  In 1999, Jackson-Holmes filed a union grievance against the Postmaster General after she allegedly received a sexually explicit request from another employee, Donald Zuger.  On May 26, 2011, Jackson-Holmes gave her supervisor a note, complaining that she would not be re-victimized by Zuger, who had recently transferred to Jackson-Holmes's work unit.  According to Jackson-Holmes, she and Zuger had crossed paths twice that day.  During the first encounter, Zuger allegedly said something unintelligible that Jackson-Holmes believed to be directed at her.  During the second encounter, Zuger extended his arms out across an aisle toward Jackson-Holmes and once again said something unintelligible.  No one else witnessed these incidents.

Jackson-Holmes immediately reported these incidents to manager Randy Shepherd.  A few hours later, Shepherd interviewed Zuger, who denied Jackson-Holmes's claims.  Shepherd instructed Zuger to avoid all communication with Jackson-Holmes.  Zuger was then assigned to a work area some distance away from Jackson-Holmes.

On May 31, 2011, Jackson-Holmes filed a pre-complaint information form with the EEOC, alleging that another employee informed her that Zuger calls her "princess."  On September 10, 2011, a co-worker reported to Shepherd that Zuger retrieved equipment from beside Jackson-Holmes, used the equipment, and then returned it without saying anything.  On October 3, 2011, Jackson-Holmes filed a formal complaint with the EEOC.  In the EEOC filing,

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

she alleged that the foregoing facts were proof that she was being retaliated against for filing previous EEOC grievances.

In her complaint filed with the Court, Jackson-Holmes alleges that management at the Postal Service has refused to relocate her or Zuger or offer other solutions, despite ongoing harassment. Jackson-Holmes claims that she was subjected to retaliation and sexual harassment. She asks that the Court grant her a promotion, monetary relief, transfer to another department, payment for costs of this suit, and removal of the other employees involved.

Defendant Postmaster General moves to dismiss Jackson-Holmes's retaliation claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The Postmaster General also moves for summary judgment in its favor on the claim of a hostile work environment based on sexual harassment, arguing that no reasonable trier-of-fact could find that Jackson-Holmes was subjected to harassment or sexual harassment. Jackson-Holmes did not respond to either motion.

## II.     Legal Standards

### A.     Standard for dismissal under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

## B.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[9] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[10] The movant bears the initial burden of proof, and must show the lack of evidence on an essential

---

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556)

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[9] Fed. R. Civ. P. 56(c).

[10] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

element of the claim.[11] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[12] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[13] The court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[14]

**C.      Title VII Claims of Retaliation and Hostile Work Environment based on Sexual Discrimination**

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating or retaliating against an individual based upon that person's race, color, religion, sex, or national origin.[15] When a plaintiff alleges a claim of retaliation or hostile work environment based on sexual discrimination under Title VII, but the plaintiff cannot produce any direct evidence of discrimination, the Court applies the *McDonnell Douglas* burden-shifting analysis.[16] Under that framework, the plaintiff bears the burden of establishing a prima facie case of discrimination or retaliation.[17] If the plaintiff meets the initial burden, "the burden shifts to the defendant to show

---

[11]   *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[12]   *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[13]   *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000)(citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[14]   *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[15]   42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination by employers); 42 U.S.C. § 2000e-16(a) (prohibiting discrimination against specific federal employees, including employees of the United States Postal Service).

[16]   *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1972); *see also, Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627–38 (10th Cir. 2012) (applying the *McDonnell Douglas* analysis to claims of sexual discrimination and retaliation under Title VII).

[17]   *See Daniels*, 701 F.3d at 627–38.

legitimate, non-discriminatory" or non-retaliatory reason for its actions.[18] If the defendant provides such a reason, then the burden returns to the plaintiff who must show that the defendant's stated reasons are a pretext for discriminatory intent.[19]

To establish a prima facie case for retaliation, a plaintiff must show that "(1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between her opposition and the employer's adverse action."[20] Adverse material actions constitute a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[21] Reassignment of duties does not necessarily constitute an adverse material action.[22] Instead, the Court looks at all of the surrounding circumstances from the perspective of a reasonable person in the plaintiff's position to determine whether a material adverse action has occurred.[23] A causal connection may exist between the filing of administrative charges and the adverse action when "protected conduct [is] closely followed by adverse action."[24] If, however, an employee's discrimination

---

[18] *Id*.

[19] *Id*.

[20] *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006).

[21] *Daniels*, 701 F.3d at 635.

[22] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006).

[23] *Id.*

[24] *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007).

filing is not close enough in time to the employer's actions, those actions do not constitute retaliation.[25]

Sexual harassment claims generally fall into two categories: quid pro quo and hostile work environment harassment.[26] Quid pro quo sexual harassment occurs when an employment benefit is conditioned upon sexual conduct.[27] Hostile work environment sexual harassment occurs when the sexual conduct interferes with an employee's work performance or creates an abusive working environment.[28] To establish a prima facie case for a hostile work environment due to sexual harassment, a plaintiff must show the following:

> (1) [S]he is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.[29]

The extent of the severity or pervasiveness must permeate the workplace "with discriminatory intimidation, ridicule, and insult, that . . . alter[s] the conditions of the victim's employment and create[s] an abusive working environment."[30] The plaintiff must show that the workplace was objectively and subjectively hostile.[31] Such finding will be determined by looking at the entire circumstances, including (1) the frequency and severity of the behavior; (2) whether such

---

[25] *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (finding that material adverse actions taking place one and a half months after an employee's protected action may constitute retaliation but actions taking place three months later do not constitute retaliation.)

[26] *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1413 (10th Cir. 1987) (internal citations omitted).

[27] *Id.*

[28] *Id.*

[29] *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007).

[30] *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted)).

[31] *Id.*

behavior is threatening, humiliating, or merely offensive; and (3) whether it unreasonably interferes with the employee's ability to work.[32]

### III.     Analysis

The Court agrees with the Postmaster General that Jackson-Holmes's retaliation claim must be dismissed because Jackson-Holmes has not pled facts sufficient to establish, under Title VII, that (1) there is a casual nexus between her opposition to discrimination and the employer's adverse action, and (2) she suffered an adverse action that a reasonable employee would have found material. The Court also agrees that the Postmaster General is entitled to summary judgment on Jackson-Holmes's hostile work environment claim based on sexual harassment. There is no genuine dispute that Jackson-Holmes was (1) not subject to harassment, and (2) no term, condition, or privilege of Jackson-Holmes's employment was altered in such a way to create a hostile work environment.

**A.     Jackson-Holmes has not established a prima facie case of retaliation.**

Jackson-Holmes does not allege facts sufficient for her retaliation claim to survive dismissal.  First, Jackson-Holmes has not sufficiently alleged that there was a causal connection between any actions taken by Postmaster General and her discrimination complaint.  The only protected action that Jackson-Holmes references in her pleadings is the 1999 dispute with Zuger. The temporal relationship between that dispute and the current case is too distant for the Court to consider them causally connected.[33]

Furthermore, Jackson-Holmes's retaliation claim fails to allege facts sufficient show that the Postmaster General took any materially adverse action in response to that filing.  When

---

[32]     *Id.*

[33]     *See Anderson*, 181 F.3d at 1179.

Jackson-Holmes brought up her concerns with manager Shepherd, he interviewed Zuger, prohibited him from speaking to Jackson-Holmes, and then reassigned both of them to different locations. There is nothing to indicate that Jackson-Holmes's job duties, responsibilities, or benefits were significantly altered.[34] Considering all of the surrounding circumstances, Jackson-Holmes has not sufficiently alleged that she has suffered from materially adverse action by her employer.[35] Therefore, her claim of retaliation must be dismissed for failure to state a claim upon which relief can be granted.

**B.   No genuine dispute exists regarding Jackson-Holmes's claim of hostile work environment due to sexual harassment.**

Jackson-Holmes did not contest the Postmaster General's claim that the harassment she suffered was not severe or pervasive and did not alter any term, privilege or condition of the workplace into a hostile environment. Jackson-Holmes admits that Zuger did not say anything to her during the incidents comprising this lawsuit, and there are no allegations that Zuger ever touched her. The only contact Zuger has had with Jackson-Holmes was in passing. These isolated incidents would not cause a reasonable employee to feel threatened or humiliated, and they do not create a workplace "permeated with discriminatory intimidation, ridicule, and insult."[36] Therefore, no genuine issue exists on the claim of sexual harassment.

---

[34] *See Daniels*, 701 F.3d at 635.

[35] *See Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 71.

[36] *See Davis*, 142 F.3d at 1341.

**IT IS ACCORDINGLY ORDERED** this 13th day of March, 2013, that Defendant United State Postmaster General's Motion to Dismiss (Doc. 12) and Motion for Summary Judgment (Doc. 16) are hereby **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE